**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 |bmohandesi@yumollp.com
**Anubha Gangal** (SBN 361286)
619.906.8580 | agangal@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Attorneys for Defendant
Credit One Bank, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric B. Jones,<br><br>          Plaintiff,<br><br>v.<br><br>Credit One Bank, N.A.,<br><br>          Defendant. | Case No.: 2:26-cv-07558<br><br>**CREDIT ONE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>Date:   TBD<br>Time:   TBD<br>Dept.:   Courtroom TBD |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on a date and time, and in a Courtroom to be determined after assignment to a Judge of the United States District Court located at 350 West First Street, Los Angeles, California 90012, Defendant Credit One Bank, N.A. ("Credit One") shall, and hereby does, move to compel arbitration of Plaintiff Eric B. Jones's ("Plaintiff") claims against Credit One and stay the litigation pending completion of the arbitration.

This Motion is made pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, on the grounds that the claims raised in Plaintiff's Complaint are subject to binding arbitration pursuant to a written agreement between the parties, and that this action must be stayed pending completion of the arbitration. As the United States Supreme Court has noted, "[t]he overarching purpose of the FAA, evident in the text of §§ 2, 3, and 4, is to ensure enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 334 (2011).

This Motion is made following communications with Plaintiff regarding the Motion and its merits, which took place on June 23, 2026. The Parties were unable to reach an agreement on the issues raised in this Motion.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michael Wiese, Declaration of Ben Mohandesi, the pleadings and papers on file in this action, and upon any other matter the Court deems proper.

DATED:  July 17, 2026          **YU | MOHANDESI LLP**


By___/s/ B. Ben Mohandesi_____
    B. Ben Mohandesi
    Attorneys for Defendant
    Credit One Bank, N.A.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Plaintiff Eric B. Jones ("Plaintiff") has brought this action in the wrong forum. In his Complaint ("Complaint"), Plaintiff alleges, *inter alia*, that Defendant Credit One Bank, N.A. ("Credit One") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681c-2 by willfully failing and refusing to block fraudulent reporting, §1681s-2(a)(1)(F) by refusing to investigate or remediate a fraudulent tradeline on Plaintiff's consumer credit report following Plaintiff's submission of a valid FTC Identity Theft Report, and the Unfair Competition Law, California Business and Professions Code Section17200 et seq. by engaging in unlawful, unfair and fraudulent business practices (Complaint ¶¶ 1, 2, 14, 23, 30, 31, 32).

But Plaintiff's claims are not properly before this Court. When Plaintiff opened and used the credit card account at issue, he agreed to a binding arbitration provision that requires all disputes arising from or relating to the account—including the claims asserted here—to be resolved through arbitration. That agreement is valid, enforceable, and directly governs this dispute.

Given the parties' clear and binding agreement to arbitrate, Credit One respectfully requests that the Court enforce the arbitration agreement and stay this action to permit the parties re-open or re-initiate the matter with the AAA.

**II.    STATEMENT OF FACTS**

**A. Plaintiff's Agreement to Arbitrate All Disputes with Credit One**

On or about September 15, 2023, Plaintiff completed a credit card application. *See* Declaration of Michael Wiese ("Wiese Decl."), ¶ 6 and Ex. A.  In response to the application, Credit One issued a credit card with account number ending in -6024 to Plaintiff and mailed it to him along with a copy of the Card Agreement ("Card Agreement") that governs the relationship between Plaintiff and Credit One.  *Id.*, ¶ 7 and Ex. B. Replacement credit cards with account number ending in -7461 and -3337, were mailed to Plaintiff on or about October 30, 2023, and June 11, 2024. *Id.*, ¶¶ 8-9.

CREDIT ONE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO COMPEL ARBITRATION AND STAY ACTION

YU | MOHANDESI ʟʟᴘ
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Another replacement credit card with account number ending in -1857, was mailed to Plaintiff on or about January 29, 2025. *Id.*, ¶ 10.

The Card Agreement, which governs the Plaintiff's accounts, contains an arbitration agreement ("Arbitration Agreement"), which provides in relevant part:

> **Agreement to Arbitrate:** You and we agree that either you or we may, without the other's consent, require that controversies or disputes between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration. This agreement to arbitrate is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. §1 et seq., and (to the extent State law is applicable), the laws of the State of Nevada.
>
> **Covered Claims:** Claims subject to arbitration include, but are not limited to, *any controversies or disputes arising from or relating in any way to your Account*; any transactions involving your Account; any disclosures made to you concerning your Account; any interest, charges, or fees assessed on your Account; any service(s) or programs related to your Account; and, if permitted by the rules of the arbitration forum, any collection of debt related to your Account. Claims also include controversies or disputes arising from or relating in any way to advertising, solicitations, or any application for, approval of, or establishment of your Account. Claims subject to arbitration include *any controversies or disputes based on any theory of law, whether contract, tort, statute, regulation, common law, or equity*, or whether they seek legal or equitable remedies. All Claims are subject to arbitration whether they arose in the past, may currently exist, or may arise in the future. Arbitration will apply even if your Account is closed, you pay us in full any outstanding debt you owe, or you file for bankruptcy. Also, *controversies or disputes about the validity, enforceability, coverage, meaning, or scope of this agreement to arbitrate or any part thereof are subject to arbitration and are for the arbitrator to decide.* Any questions about what Claims are subject to arbitration shall be resolved by interpreting this agreement to arbitrate in the broadest way the law will allow it to be enforced.

Wiese Decl., Ex. B, at 7 (emphasis added).

Under the Arbitration Agreement, either party may compel arbitration for any dispute relating to the Account, including disputes regarding pertaining to unauthorized charges. See *Id.* Ex. B at 6. The Arbitration Agreement applies to disputes "based on any theory of law, whether contract, tort, statute, regulation, common law, or equity." *Id.* And, importantly, the Arbitration Agreement provides that "[a]ny questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be

CREDIT ONE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO COMPEL ARBITRATION AND STAY ACTION

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

enforced." *Id.*  In addition, the Card Agreement notified Plaintiff that he accepted the Agreement "when you use the Account." *Id.* at 2.

It is Credit One's practice to include a copy of the Card Agreement when mailing the customer his or her credit card.  Wiese Decl., ¶ 7.  Plaintiff activated his account and began making charges to the accounts using the credit card, including the subsequently issued replacement credit cards.  *Id.*, ¶ 11; Ex. C.  By making purchases on the credit card, Plaintiff accepted the Arbitration Agreement included in the Card Agreement.  *Id.,* ¶¶ 11-12 and Ex. B.  Plaintiff never notified Credit One that he rejected the Arbitration Agreement or otherwise attempted to opt out of the Arbitration Agreement.  *Id.*, ¶ 13.

## III.   LEGAL ARGUMENT

### A. Disputes Falling Within the Scope of the FAA Must Be Arbitrated

The Federal Arbitration Act ("FAA") codified at 9 U.S.C.§ 1 et seq., "reflects an emphatic federal policy in favor of arbitral dispute resolution." *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012) (internal quotations omitted). When Congress enacted the FAA, it "declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating,* 465 U.S. 1, 10 (1984).  The FAA "leaves no place for the exercise of discretion by a [trial] court, but instead mandates that [trial] courts *shall* direct the parties to proceed to arbitration on issues as to which an agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (emphasis in original). Any doubts as to arbitrability "should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Const.*, 460 U.S. 1, 24-25 (1983).

The FAA's policy in favor of arbitration applies with equal force to consumer disputes.  "Indeed, arbitration's advantages often would seem helpful to individuals,

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 3 —

say complaining about a product, who need a less expensive alternative to litigation." *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 280 (1995); *see also AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 338 (2011) (enforcing arbitration provision in contract between consumer and phone company); *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000) (enforcing arbitration clause between consumer and lender).

Under the FAA, a trial court's task on a motion to compel arbitration is limited to answering two simple questions: (1) does a valid arbitration agreement exist between the parties; and (2) does the dispute at issue fall within the scope of the agreement. *See* 9 U.S.C. § 2; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626–28 (1985); *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273–77 (1995); *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If the answer to both questions is "yes," then arbitration must be compelled.

## B.  The FAA Governs the Arbitration Agreement in the Card Agreement

As a preliminary matter, the Arbitration Agreement in the Card Agreement are governed by the FAA. Under the FAA, "parties [to an arbitration agreement] are generally free to structure their arbitration agreements as they see fit," and may "specify by contract the rules under which that arbitration will be conducted." *Volt Info. Sciences, Inc. v. Bd. of Trs.,* 489 U.S. 468, 479 (1989). That is exactly what the parties did here. *See* Wiese Decl., Ex. B at 6 ("This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. §1 et seq."). The parties' voluntary designation of the FAA as the Arbitration Agreement's governing law must be enforced.

But even absent the parties' express agreement, the FAA would nevertheless govern the Arbitration Agreement in the Card Agreement. Pursuant to 9 U.S.C. § 2, the FAA governs any (1) written arbitration provision (2) in a contract evidencing a transaction "involving commerce." 9 U.S.C. § 2 ("***A written provision*** in any

— 4 —

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

maritime transaction or a contract *evidencing a transaction involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.") (emphasis added).  Here, both requirements are satisfied.

*First*, the Arbitration Agreement is in writing.

*Second*, the Card Agreement, contracts for consumer credit services, is indisputably a contract involving interstate commerce.  *See* also Complaint, p. 2:3-4 (Plaintiff resides in Temple City, CA); (Credit One has its principal place of business in Las Vegas, NV).

But even if Plaintiff and Credit One were not citizens of different states, the scope of the FAA is interpreted broadly to include any transaction affecting interstate commerce.  *See Dobson*, 513 U.S. at 273-74 ("[W]e conclude that the word 'involving' [in Section 2 of the FAA] is broad and is indeed the functional equivalent of 'affecting.'").  And to that end, courts in the Ninth Circuit and across jurisdictions have held that credit card services are within the flow of interstate commerce.  *See Krause v. Barclays Bank Delaware*, 2013 WL 6145261, at *2 (E.D. Cal. Nov. 21, 2013) (concluding that the credit card agreement between Barclays and a consumer that contained an arbitration clause "involve[d] interstate commerce" because the contract was "for a consumer credit card between citizens of two different states- California and Delaware"); *Ackerberg v. Citicorp USA, Inc.*, 898 F. Supp. 2d 1172, 1175, 1177 (N.D. Cal. 2012) (compelling arbitration under the FAA based on arbitration clause contained in credit card agreement between citizens of different states); *Snyder v. Cach, LLC*, 2016 WL 6804871, at *4 (D. Haw. Nov. 16, 2016) ("The Federal Arbitration Act applies to arbitration provisions in consumer credit card account agreements."); *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1322 (S.D. Fla. 2005) (noting that "a number of federal courts have enforced arbitration provisions in credit card agreements under the FAA" and collecting cases).

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 5 —

Accordingly, the FAA governs the Arbitration Agreement in the Card Agreement, and the Court must apply federal substantive law in interpreting it. *Mitsubishi Motors Corp.*, 473 U.S. at p. 626 ("[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute. The Court is to make this determination by applying the federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.").

## C. The Validity and Enforceability of the Arbitration Agreement Must Be Decided by the Arbitrator

Typically, the two questions under the FAA of (1) whether the parties agreed to arbitrate and (2) whether the dispute falls within the scope of the arbitration provision are answered by the court. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296-97 (2010); *Howsam v. Dean Witter Reynolds* 537 U.S. 79, 83-84 (2002). However, where an arbitration agreement expressly delegates to an arbitrator the decision concerning the enforceability and scope of the arbitration agreement, the arbitrator – not the court – has exclusive authority to determine these issues. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *see also Granite Rock*, 561 U.S. at 296; *First Options v. Kaplan*, 514 U.S. 938, 943 (1995).

In *Rent-A-Center*, the Supreme Court specifically recognized that "parties can agree to arbitrate 'gateway' provisions of 'arbitrability,' such as whether the parties agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center,* 561 U.S. at 68-69. If a court concludes that the parties intended such a delegation, its work is finished, and arbitration must be compelled without addressing the merits of any challenge to arbitrability. *Id.* at 72; *see also Byrd*, 470 U.S. at 218 ("courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed") (emphasis in original).

Here, the Arbitration Agreement in the Card Agreement expressly states that "disputes about the validity, enforceability, coverage, meaning, or scope of this

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

CREDIT ONE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO COMPEL ARBITRATION AND STAY ACTION

agreement to arbitrate or any part thereof are subject to arbitration and are for the arbitrator to decide." Wiese Decl., Ex. B at 7. Thus, not only are Plaintiff's claims subject to arbitration, the application and enforceability of the Arbitration Agreement in the Card Agreement, if challenged, is subject to arbitration as well.

As a result, it is the arbitrator, not the Court, who must consider whether Plaintiff's claims are subject to arbitration. The Court's role is limited to compelling arbitration so that an arbitrator may decide the "gateway" issue of arbitrability.

**D. <u>Even If the Parties Had Not Delegated the Gateway Issue of Arbitrability, Plaintiff's Claims Would Still Be Subject to Arbitration</u>**

The Arbitration Agreement's delegation clause renders any further analysis of the arbitrability of Plaintiff's claims academic. However, even absent the delegation clause, Plaintiff is nevertheless required to arbitrate his claims against Credit One.

*1. **The Card Agreement Contain Enforceable Arbitration Agreement***

Determining the parties' intent to arbitrate is a question of law, and the parties' intentions are generously construed in favor of arbitrability. *Mitsubishi Motors Corp.*, supra, 473 U.S. at p. 626. In this case, the Card Agreement "shall be governed by, and enforceable under, the Federal Arbitration Act … and (to the extent State law is applicable), the laws of the State of Nevada." Wiese Decl., Ex. B at 7.

Under either Nevada law or federal law, the Court must honor this choice-of-law provision. *See, e.g.*, *Progressive Gulf Ins. Co. v. Faehnrich*, 327 P.3d 1061, 1063 (Nev. 2014) (noting that Nevada gives effect to contractual choice-of-law provisions where the chosen forum has a legitimate connection to the transaction); *Rose v. Chase Manhattan Bank USA*, 2006 WL 1520238, at *2 (D. Nev. May 30, 2006) (upholding cardholder agreement's choice of law provision under Nevada law in the context of a motion to compel arbitration). Therefore, the existence of a valid agreement to arbitrate is a question of Nevada law.

Nevada law, like the FAA, provides that written arbitration agreements are "valid, enforceable and irrevocable except . . . upon a ground that exists at law or in

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

CREDIT ONE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO COMPEL ARBITRATION AND STAY ACTION

equity for the revocation of a contract." N.R.S. § 38.219(1); *see also* 9 U.S.C. § 2. An agreement to arbitrate, like any other contract, is formed by offer, acceptance and mutual assent. *E.g.*, *Joyner v. Bank of Am. Home Loans*, 2010 WL 2953969, at *3 (D. Nev. July 26, 2010) (citing *Keddie v. Beneficial Ins., Inc.*, 580 P.2d 955, 956 (Nev. 1978)).

Moreover, under Nevada law, an agreement governing a credit card account can be accepted by using the card after receiving the agreement. *See* Nev. Rev. Stat. 97A.140 ("A cardholder shall be deemed to have accepted the written terms and conditions provided by the issuer upon subsequent actual use of the credit card"); *Merritt v. Credit One Bank, N.A.*, 2020 WL 5775749, at *1 (D. Nev. Sept. 28, 2020) (citing Nev. Rev. Stat. § 97A.140 and stating that under Nevada law, "[a]n agreement governing a credit card account is accepted when the card is used after receiving the agreement.").

Here, Plaintiff accepted the Card Agreement's terms and conditions, including the Arbitration Agreement, by activating and using the credit card, as well as the replacement credit cards. Plaintiff then continued to use and make payments on the credit card. At no time did he attempt to opt out of or reject the Card Agreement or the Arbitration Agreement. A valid agreement to arbitrate therefore exists under both Nevada and federal law.

### 2. *The Arbitration Agreement in the Card Agreement Encompass Plaintiff's Claims*

Once it has been determined that the parties entered into a binding arbitration agreement, "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Communications Workers*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960)). Where the arbitration agreement is broadly-worded, there is a heightened presumption of arbitrability such

that "[i]n the absence of any express provision excluding a particular grievance from arbitration, [ ] only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail[.]" *Id.*

As noted above, the Arbitration Agreement governing the credit card account at issue apply broadly to "any controversies or disputes arising from or relating in any way to your Account." Wiese Decl., Ex. B at p. 6. This includes not only "any transactions," but also "claims "based on any theory of law, whether contract, tort, statute, regulation, common law, or equity." *Id.* Moreover, the Arbitration Agreement expressly pertains to "… any collection of debt related to your Account." *See, id.* at p. 6.

The broad language of the Arbitration Agreement plainly covers Plaintiff's claims. Specifically, Plaintiff contends that Credit One violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c-2 by willfully failing and refusing to block fraudulent reporting, §1681s-2(a)(1)(F) by refusing to investigate or remediate a fraudulent tradeline on Plaintiff's consumer credit report following Plaintiff's submission of a valid FTC Identity Theft Report, and the Unfair Competition Law, California Business and Professions Code Section17200 et seq. by engaging in unlawful, unfair and fraudulent business practices. Indeed, courts have regularly applied the Arbitration Agreement to compel arbitration of consumer claims against Credit One. *See, e.g.*, *Garrett v. Credit One Bank*, Case No. CV 15-08865-RSWL-PLAx, ECF No. 20 (C.D. Cal. Feb. 29, 2016); *Azizian v. Credit One Bank*, No. 2:15-cv-04715-DSF-Ex, ECF No. 31 (C.D. Cal. Nov. 24, 2015); *Fremeau v. Credit One Bank, N.A.*, 2020 WL 201046 (E.D. Va. Jan. 10, 2020); *Rice v. Credit One Fin.*, 2015 WL 4528933 (E.D.N.C. July 27, 2015).

In sum, Plaintiff cannot genuinely dispute that his claims against Credit One are related to his credit card account. In other words, Plaintiff cannot dispute that his claims fall within the Arbitration Agreement's scope. The Court must therefore stay Plaintiff's claims against Credit One in favor of arbitration.

CREDIT ONE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO COMPEL ARBITRATION AND STAY ACTION

### E. Plaintiff's Claims Against Credit One Must Be Stayed Pending Completion of the Arbitration

Because a valid arbitration agreement exists, the FAA mandates the Court to stay the civil action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *Moses H. Cone,* 460 U.S at 26; *Mitsubishi Motors Corp.*, 473 U.S. at 639-40; *Ginoyan v. Barclays Bank Delaware*, 443 F. Supp. 3d 1136, 1142 (C.D. Cal. 2020) (staying action pending completion of arbitration upon granting motion to compel); *Nord-Shafer v. Narconon Int'l*, 2015 WL 12655660, at *2 (C.D. Cal. Mar. 17, 2015) (same). Accordingly, the action must be stayed until the parties complete the arbitration proceeding.

## IV. CONCLUSION

It is undisputed that a valid arbitration agreement exist between the parties and the dispute at issue falls squarely within the scope of the arbitration agreement. Accordingly, Credit One requests that the Court compel the parties to arbitration and stay the action.

DATED:  July 17, 2026

**YU | MOHANDESI LLP**
By /s/ B. Ben Mohandesi
B. Ben Mohandesi
Attorneys for Defendant
Credit One Bank, N.A.

CREDIT ONE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO COMPEL ARBITRATION AND STAY ACTION

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

I certify that on July 17, 2026, a copy of the foregoing was filed and served electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

DATED:  July 17, 2026

By　*/s/ B. Ben Mohandesi*
　　B. Ben Mohandesi

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

CERTIFICATE OF SERVICE